BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No.:  002297
MICHAEL E. HOTTMAN, ESQ.
Nevada Bar No.:  008501
STEPHENSON & DICKINSON
2820 West Charleston Blvd., Suite B-19
Las Vegas, NV  89102
(702) 474-7229
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CATHE F. MORRIS and EVAN MORRIS,
Individually, and as Husband and Wife,

           Plaintiff,

vs.

NORMAN G. GRINGAS, Individually;
WERNER ENTERPRISES, INC., a
Nebraska Corporation; DOES I-X; and
ROE CORPORATIONS 1-X, inclusive,

           Defendants.

CASE NO.: 2: 06-cv-1139

## STIPULATION TO EXTEND DISCOVERY DEADLINE

### (First Request)

      IT IS HEREBY STIPULATED AND AGREED, by Defendants NORMAN G. GRINGAS and WERNER ENTERPRISES, INC.; and Plaintiffs CATHE F. MORRIS and EVAN MORRIS, by and through their undersigned counsel, that the following extensions be made to the Discovery Schedule in the Discovery Plan dated November 6, 2006.

      Per Federal Rules of Civil Procedure 16(b), and Local Rule 26-4 the following is included in support of the proposed extensions to the Discovery Schedule:

1.   Local Rule 26-4(a) Statement:  This matter is the result of a motor vehicle accident that occurred on June 16, 2004 involving Defendant Norman Gringas and Plaintiff Cathe Morris.  As a result of the motor vehicle accident, Plaintiff Cathe Morris is alleging injuries to her neck, back, shoulder, and eye injury/visual disturbance. Plaintiff Evan Morris is alleging Loss of Consortium.

a)   On October 16, 2006 Plaintiffs' and Defendants' counsel completed a "Meet and Confer" pursuant to Local Rules.  FRCP 26(a)(1) and FRCP 25(b)(1) Initial Document Production and Witness Lists were exchanged at that time. Plaintiffs listed 13 prospective witnesses and provided 15 documents totaling approximately 200 pages. Defendants listed 4 prospective witnesses and provided 16 documents totaling approximately 75 pages.

b)   To date, Defendants have provided 7 supplements to their Initial FRCP 26(a)(1) and 26(b)(1) Disclosure.

c)   Defendants are in the process of obtaining Plaintiff, Cathe Morris' medical records.  To date, Defendant has subpoenaed eleven medical providers for Plaintiff, Cathe Morris.  Defendant has received responses from seven. (See Exhibit A.).

d)   Defendants received Ms. Morris' Social Security Statement on November 27, 2006 and disclosed the Social Security Statement on December 27, 2006.

e)   Defendants received Plaintiffs' Federal Income Tax Returns for the years 2001, 2002, 2003, 2004, and 2005 on January 22, 2007.

f)   Defendants also served one set of Interrogatories and Requests for Production on Plaintiffs on November 6, 2006.  Plaintiffs responded on January 8, 2007.

As a result of the responses, Defendants are in the process of issuing subpoenas to three additional medical providers of Ms. Morris.

2.    Local Rule 26-4(b) Statement:  Currently the discovery that remains to be completed includes the following:

    a)  Obtain the medical records of the remaining seven medical providers of Cathe Morris.

    b)  Defendants plan on designating three medical experts. One to analyze plaintiff's alleged neck back, and shoulder injuries; a second expert to analyze Plaintiff, Cathe Morris' alleged eye injury/vision disturbance; and a third expert to analyze Cathe Morris' alleged psychological trauma.

    c)  Defendants will conduct an Independent Medical Examination of Cathe Morris;

    d)  Parties intend to conduct the following depositions:

        i.    Cathe Morris;

        ii.    Evan Morris;

        iii.    Norman Gringas;

        iv.    Plaintiffs' designated expert regarding Cathe Morris' alleged back, neck, and shoulder injuries;

        v.    Plaintiffs' designated expert regarding Cathe Morris' alleged eye injury/vision disturbance;

        vi.    Plaintiffs' designated expert regarding Cathe Morris' alleged psychological trauma.

vii.   Defendants' designated expert regarding Cathe Morris' alleged back, neck, and shoulder injuries;

viii.  Defendants' designated expert regarding Cathe Morris' alleged eye injury/vision disturbance;

ix.    Defendants' designated expert regarding Cathe Morris' alleged psychological trauma.

3.   <u>Local Rule 26-4(c) Statement</u>:  Discovery is not able to be completed within the time limits set in the Discovery Plan due to the following:

a)  Pursuant to the Discovery Scheduling Order the current deadline for disclosing experts is February 15, 2007.  Although Defendants have been diligent in obtaining medical records, Defendants have not yet received the medical records from seven of Cathe Morris' fourteen medical providers.  Until Defendants receive these records, any medical expert the parties may wish to designate have no reasonable basis on which to offer an opinion as to Ms. Morris' medical condition; the reasonableness of past treatment; and the underlying cause of her alleged injuries.

b)  Second, an Independent Medical Examination cannot be conducted until the examining physician can examine Ms. Morris' past medical history.

c)  Finally, until Defendants have Ms. Morris complete medical records, Defendants cannot conduct a meaningful deposition of Ms. Morris and Mr. Morris regarding Ms. Morris' prior medical history; past medical treatment; and current medical condition.

Therefore, per Local Rule 26-4(d), we propose the following schedule to complete discovery:

a.  Discovery Cut-Off Dates.  The last day to conduct Discovery shall be Friday, October 17, 2007.

b.  Federal Rules of Civil Procedure 26(a) Disclosures (Experts).  The last day to disclose experts will be Monday, August 20, 2007, which is no later than 60 days before the proposed discovery cut-off date.  The last day to disclose rebuttal experts will be Wednesday, September 19, 2007, which is no later than 30 days after the initial expert disclosure.

c.  Interim Status Report (2nd Report).  The parties shall file the interim status report (2nd Report) required by Local Rule 26-3 by Monday, August 20, 2007.  The undersigned counsels certify that they have read Local Rule 26-4 and that this date is not later than 60 days before the discovery cut-off date.

d.  Dispositive Motions.  The parties shall have until Friday, November 16, 2007, to file any dispositive motions.  This date does not exceed the outside limit of 30 days following the Discovery cut-off date that Local Rule 26-1(e)(4) presumptively sets for filing dispositive motions.

e.  Pre-trial Order.  The pre-trial order shall be filed by Friday, December 14, 2007, which is not more than 30 days after the date set for filing dispositive motions.  This deadline is suspended if dispositive motions are timely filed.  The disclosures required by Federal Rules of Civil Procedure 26(a)(3) shall be made in the joint pre-trial order.

/ / /

/ / /

/ / /

/ / /

5

f. <u>Extensions or Modifications of the Discovery Plan and Scheduling Order.</u> Local Rule
26-4 governs modifications or extensions of this discovery plan and scheduling order. Any
stipulation or motion must be made not later than <u>Friday, September 28, 2007</u>, which is no
later than 20 days before the discovery cut-off date and complying with Local Rule 26-4.

DATED this 16th day of February, 2007.

_____
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No.: 002297
MICHAEL E. HOTTMAN, ESQ.
Nevada Bar No.: 008501
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
P: 702-474-7229
*Attorney for Defendants*

DATED this 16th day of Februar, 2007.

_____
CRAIG K. PERRY, ESQ.
Nevada Bar No. 003786
CRAIG K. PERRY & ASSOCIATES
3658 North Rancho Drive
Las Vegas, NV 89130
P: 702-228-4777
*Attorney for Plaintiffs*

Submitted By:

_____
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No.: 002297
MICHAEL E. HOTTMAN, ESQ.
Nevada Bar No.: 008501
2820 W. Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
P: 702-474-7229
F: 702-474-7237
*Attorney for Defendants*